861 F.2d 263
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter Louis BAILEY, Plaintiff--Appellant,
v.
William H. ROBERTS, III, James H. Jordan, Defendants--Appellees.
 No. 88-1717.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1988.
Decided Sept. 26, 1988.
 
 Walter Louis Bailey, appellant pro se.
 Tyrus Vance Dahl, Jr., Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, David W. Bailey, Jr., for appellees.
 Before K.K. HALL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Walter Louis Bailey appeals the dismissal of his civil rights action challenging his exclusion from a public library. He also appeals the district court's denial of his post-judgment motion for leave to file an amended complaint. We grant the appellees' motion to dismiss the appeal as untimely insofar as the appeal challenges the district court's dismissal of the civil rights action. We affirm the district court's denial of Bailey's post-judgment motion for leave to file an amended complaint.
 
 
 2
 Bailey argues that his motion for leave to file an amended complaint, filed 25 days after judgment was entered, tolled the time for taking an appeal. We disagree. Under Fed.R.App.P. 4(a)(4), a a timely motion under any of the following Federal Rules of Civil Procedure tolls the time for filing an appeal: Rule 50(b) (motion for judgment notwithstanding the verdict); Rule 52(b) (motion to amend the district court's findings); and Rule 59 (motion for a new trial or to alter or amend the judgment). Bailey's motion to amend his complaint cannot be construed as any of these motions. In particular, it was not a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) because it was not filed and served within ten days of the judgment and it did not question the correctness of the judgment. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). Thus, Bailey's motion for leave to file an amended complaint did not toll the time for filing a notice of appeal.
 
 
 3
 Bailey also argues that he should be granted an extension of time to appeal because he misunderstood Fed.R.App.P. 4(a)(4). Because Bailey did not make a timely request for an extension of time to appeal, this Court and the district court are without authority to grant the request. Fed.R.App.P. 4(a)(5), 26(b); Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226 (4th Cir.1981). The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960) ). Accordingly, Bailey's failure to note a timely appeal or to file a timely motion for an extension deprives this Court of jurisdiction to consider his appeal of the district court's dismissal of his civil rights action.
 
 
 4
 Bailey filed a timely appeal of the district court's denial of his motion to amend his complaint. We find that the court did not abuse its discretion in denying the motion, as Bailey's motion did not specify the new allegations he wished to make in support of his action.
 
 
 5
 We dismiss the appeal insofar as it challenges the district court's dismissal of Bailey's civil rights action. The district court's denial of Bailey's motion for leave to amend his complaint is affirmed. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 DISMISSED IN PART, AFFIRMED IN PART.