**Jesus Robert FELIX, Petitioner-Appellant,**

v.

**Harold J. CARDWELL, Warden, Arizona State Prison, Respondent-Appellee.**

No. 76–1020.

United States Court of Appeals, Ninth Circuit.

Nov. 1, 1976.
Certiorari Denied Feb. 28, 1977.
See 97 S.Ct. 1183.

Warren R. Williamson, Atty. of Federal Defenders, San Diego, Cal., for petitioner-appellant.

Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before ELY, GOODWIN and ANDERSON, Circuit Judges.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

PER CURIAM:

In 1972 an Arizona jury convicted Felix of the offense of depositing or exploding an explosive on, in, or near a populated building (Ariz. Rev.Stat.Ann. § 13–922), and the court sentenced him to prison. He appealed unsuccessfully and then sought a writ of habeas corpus under 28 U.S.C. § 2254. The District Court denied the writ.

On September 8, 1975, a judgment was filed and entered dismissing Felix's petition. Thirty days thereafter, on October 8th, Felix had not filed a notice of appeal. *See* Fed.R.App.P. 4(a). On November 7th, thirty more days had elapsed, and even at that late date, Felix had filed neither the required notice, nor a motion to extend the time for filing such a notice, nor any other motion. In fact, he did not act until November 10, 1975, when he applied for a certificate of probable cause. This application was granted on November 25, 1975. Finally, on December 17, 1975, Felix filed a notice of appeal. We are obligated to raise the question of our court's jurisdiction on our own motion.

In *Alexander v. Sacha*, 439 F.2d 742 (9th Cir. 1971), this court established that neither the District Court nor the Court of Appeals has any power to permit an appeal to proceed once the consecutive thirty-day periods specified in Rule 4(a), Fed.R.App.P., have elapsed without the appellant's having filed a notice of appeal, a motion to extend the time for filing such a notice, or a motion tolling Rule 4(a). As we have said, Felix filed no motion or notice before November 8, 1975, by which date the District Court had lost all power to permit the appeal. This court has no jurisdiction (*Alexander v. Sacha, supra*) and is specifically denied the authority to grant an extension on its own (Rules 2 and 26(b), Fed. R.App.P.).

The appeal is

DISMISSED.