**Habib Amir Abdallah ALI, Appellant,**

v.

**Howard N. LYLES, Warden, individually and in his official capacity as the Warden at the Maryland House of Correction; Raymond Montgomery, Assistant Warden in Control of Treatment; Bernard Smith, Officer in Charge of Security/Custody; Lt. Kronsteiner, Correction Officer and Supervisor; Sgt. Bucklew, Correctional Officer and Supervisor of the West Wing; COII Mann, Correction Officer, Appellees.**

No. 85–6257.

United States Court of Appeals, Fourth Circuit.

Submitted June 25, 1985.

Decided Aug. 5, 1985.

Habib Amir Abdallah Ali, appellant pro se.

Stephen H. Sachs, Atty. Gen., Valerie V. Cloutier, Asst. Atty. Gen., Baltimore, Md., for appellees.

Before SPROUSE and SNEEDEN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Habib Amir Abdallah Ali, a Maryland inmate, seeks to appeal the district court's order entering summary judgment in defendants' favor and dismissing his 42 U.S.C. § 1983 complaint. Judgment was entered on October 18, 1984. Ali filed his notice of appeal on February 25, 1985,\* more than four months after the entry of judgment. Ali contends that this untimeliness is excusable since he had not received a copy of the district court's judgment until January 28, 1985.

 Under Fed.R.App.P. 4(a)(1), notice of appeal in a civil case must be filed in district court within thirty days from the date of the entry of judgment. Upon a showing of excusable neglect, the district court may extend the time for filing by an additional thirty days. Fed.R.App.P. 4(a)(5). However, after the expiration of the sixty-day period, neither this Court nor the district court may grant a further extension of time. *Hensley v. Chesapeake & Ohio Ry. Co.,* 651 F.2d 226, 228 (4th Cir. 1981); *Felix v. Cardwell,* 545 F.2d 92 (9th Cir.1976), *cert. denied,* 430 U.S. 910, 97 S.Ct. 1183, 51 L.Ed.2d 587 (1977). Lack of notice of the entry of judgment does not affect the time to appeal or authorize a court to excuse a party for failure to appeal within the permissible filing period. Fed.R.Civ.P. 77(d). *See also Hensley v. Chesapeake & Ohio Ry. Co.,* 651 F.2d at 229. Accordingly, this Court lacks jurisdiction to consider the instant appeal since Ali filed his notice of appeal well after the permissible sixty-day period.

Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss this appeal for lack of jurisdiction.

DISMISSED.

---

\* Ali mistakenly filed his notice of appeal in this Court on February 25, 1985. His notice was received by the district court on March 5, 1985. Under Fed.R.App.P. 4(a)(1), if a notice of appeal is improperly filed in the court of appeals, the clerk of the court of appeals shall transmit it to the clerk of the district court and the notice shall be deemed filed in the district court on the date received by the court of appeals.