Joseph P. CONNORS, Sr.,
et al., Plaintiffs,

v.

Civ. A. No. 1:90–0153.

United States District Court,
S.D. West Virginia,
at Bluefield.

Aug. 14, 1991.

Susan Cannon–Ryan (Local counsel), Caldwell, Cannon–Ryan & Riffee, Charleston, W.Va., and David Allen, Gen. Counsel, Margaret M. Topps, Assoc. Gen. Counsel, Kenneth M. Johnson, Asst. Gen. Counsel, Stacy A. Hickox, Assoc. Counsel, U.M.W.A. Health & Retirement Funds, Office of the General Counsel, Washington, D.C., for plaintiffs.

Michael F. Gibson, Gibson & McFadden, Princeton, W.Va., for defendants.

MEMORANDUM ORDER

HALLANAN, District Judge.

This matter is before the Court via Defendants' Motion for Leave to File Late

Notice of Appeal. Having carefully considered the memoranda and affidavits presented, the Court is prepared to issue its ruling herein.

## BACKGROUND

On May 31, 1991 the Court entered an Order advising the parties of its decision to grant Plaintiffs' Motion for Summary Judgment and Motion in Limine "for reasons set forth in an Order to follow." Upon entry of the Order the Court immediately sent a facsimile copy to counsel as the trial date of June 4, 1991 neared. Later that day, Scott A. Ash, Esquire, co-counsel for the Defendants, telephoned the Court to inquire about an Order setting forth the Court's reasons for granting Plaintiffs' dispositive motion. Edward P. Tiffey, Law Clerk to this District Judge, advised Mr. Ash that a memorandum order would be issued shortly. On June 5, 1991 the Court entered a Memorandum Opinion and Order setting forth its reasons for granting Plaintiffs' summary judgment [1] and entering judgment in favor of the Plaintiffs and against the Defendants except Princeton Coal which was in bankruptcy.[2] That same day the Deputy Clerk in the Bluefield Division recorded the Memorandum Opinion and Order as #79 on the docket sheet of the instant case with a notation that, *inter alia*, the Court entered judgment in favor of the Plaintiffs and against the corporate and individual Defendants except Princeton Coal. The notation ends with "cc: counsel of record" which indicates that copies of the document were mailed to counsel of record that day.

On the following day, June 6, Susan Cannon–Ryan, Esquire, counsel for the Plaintiffs, received a copy of the Memorandum Opinion and Order via U.S. mails. However, counsel of record for the Defendants, Michael F. Gibson, Esquire and Mr. Ash, did not receive a copy. The Deputy Clerk in Bluefield believes that one copy was mailed to Mr. Gibson and Mr. Ash [3] at their Princeton, West Virginia address appearing on the cover of the docket sheet. Yet in affidavits tendered to the Court, both Mr. Gibson and his secretary, Kathryn C. Richards, state that the law firm of Gibson & McFadden never received a copy of the Memorandum Opinion and Order. The affiants further state that it was not until July 8 or 9 of this year that they first learned of the judgment entered against the Defendants as Defendant John G. Sylvester presented a suggestee execution at their office. On July 10 affiant Richards contacted the Federal Clerk's Office in Bluefield to request a copy of the Order entering judgment. A copy of the Memorandum Opinion and Order was received the next day, July 11. Mr. Gibson advised Mr. Ash of the opinion and entry of judgment on July 12. Later on July 16, the Defendants through counsel filed a motion for leave to file late notice of appeal.

## DISCUSSION

The Defendants argue that their failure to timely file a notice was due to mistake, inadvertence or excusable neglect beyond their control. In this connection, Mr. Gibson in his affidavit respectfully submits that it is likely that the copy of the Memorandum Opinion and Order mailed to his office on June 5, 1991 was "lost in the mail."

Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that the appealing party file a notice of appeal with the clerk of the district court within thirty days after the entry of judgment or order appealed from. Fed.R.App.P. 4(a)(1). However, the district court, upon a showing of

1. The Court in its Memorandum Opinion and order amended its May 31, 1991 ruling on Plaintiffs' Motion in Limine in denying the same as moot.

2. This district judge signed the Memorandum Opinion and Order on June 3, 1991 while presiding at the Beckley Division. The Memorandum Opinion and Order was then mailed to the Federal Clerk's Office in the Bluefield Division on June 4, 1991. The Deputy Clerk received the same on June 5, 1991 whereupon it was affixed the proper stamp indicating entry on that date.

3. Mr. Ash ended his professional association with Mr. Gibson after May 31, 1991. Since then the two attorneys have maintained regular contact regarding matters that Mr. Ash handled and worked on while with the firm.

excusable neglect or good cause, may extend the time for filing a notice of appeal upon a motion filed not later than thirty days after the expiration of the time prescribed by Rule 4(a)(1). Fed.R.App.P. 4(a)(5). Thus, the Defendants had until July 5, 1991 to timely file a notice of appeal of the Memorandum Opinion and Order granting Plaintiffs' Motion for Summary Judgment. The Defendants failed to meet this deadline but may obtain an extension of the thirty-day period provided in Rule 4(a)(1) upon filing the proper Rule 4(a)(5) motion and showing excusable neglect. The Court received the motion contemplated by Rule 4(a)(5) on July 16, 1991. Consequently, the Court is left to determine whether the Defendants have shown excusable neglect that justifies acceptance of their late notice of appeal.

 Our review of pertinent authorities leads to the conclusion that the Defendants, as a matter of law, cannot show excusable neglect in the case *sub judice.* Lack of notice of the entry of judgment by the clerk does not affect the time to appeal nor authorize the district court to excuse a party for failure to appeal within the mandatory time period. Fed.R.Civ.P. 77(d). Notification by the clerk to counsel of entry of a judgment has no bearing on the starting of the thirty-day period set forth in Fed.R.App.P. 4(a)(1) to file a notice of appeal inasmuch that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. The district court need not extend the time for appeal merely because the clerk's notice was not sent or received. Fed.R.Civ.P. 77(d) advisory committee's notes. Lack of notice of the entry of judgment, by itself, is not a ground for a finding of excusable neglect. *Ashby Enterprises v. Weitzman, Dym & Associates,* 780 F.2d 1043 (D.C.Cir.1986); *Ali v. Lyles,* 769 F.2d 204, 205 (4th Cir.1985); *Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir.1983); *Hensley v. Chesapeake & Ohio Railway Co.,* 651 F.2d 226 (4th Cir.1981).

 Even in view of the totality of circumstances in this case we do not find excusable neglect. On May 31, 1991 Mr. Ash received a facsimile copy of the Court's Order of the same date apprising the parties of the Court granting Plaintiffs' summary judgment motion. Aside from inquiring about a memorandum order detailing the reasons of the Court, no further inquiry was ever made. While counsel for the Defendants did not receive a copy of the June 5 Memorandum Opinion and Order until much later, Rule 77(d) places the burden on counsel, not the clerk nor the Court, to inquire about the status of his or her case. *Hensley,* 651 F.2d at 230. This burden was not fulfilled.

Accordingly, Defendants' motion is hereby ORDERED DENIED.

IT IS SO ORDERED.