947 F.2d 940
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Milton E. BURGESS, Plaintiff-Appellant,
v.
ARLINGTON COUNTY SHERIFF DEPARTMENT, Defendant-Appellee.
 No. 91-6536.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 7, 1991.
Decided Oct. 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-90-1322-N)
 Milton E. Burgess, appellant pro se.
 Jack L. Gould, Fairfax, Va., for appellee.
 E.D.Va.
 DISMISSED.
 Before K.K. HALL, PHILLIPS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Milton Burgess seeks to appeal from the district court's order denying relief in his civil action brought pursuant to 42 U.S.C. § 1983. He claimed that officers of the Arlington County Sheriff's Department broke his arm when booking him on a charge of disorderly conduct. The district court granted the Sheriff's Department's motion for summary judgment finding that the statute of limitations barred Burgess's claim.* We find that Burgess failed to file a timely notice of appeal from the district court's order and that we do not have jurisdiction in this appeal.
 
 
 2
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Rule 4(a)(1) imposes a 30-day appeal period from entry of the district court's final order and judgment. The district court is authorized, upon a showing of excusable neglect or good cause, to "extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by ... Rule 4(a)." Fed.R.App.P. 4(a)(5). This extension may not "exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later." Id. After the expiration of this 60-day period, neither this Court nor the district court may grant further extensions of time. Ali v. Lyles, 769 F.2d 204, 205 (4th Cir.1985); Fed.R.App.P. 26(b); Fed.R.Civ.P. 77(d). A lack of notice of entry of judgment does not affect the time to appeal or authorize a court to excuse a party for failure to appeal within the permissible filing period. Ali, 769 F.2d at 205; Hensley v. Chesapeake & O. Ry. Co., 651 F.2d 226, 230 (4th Cir.1981).
 
 
 3
 The district court entered final judgment on November 2, 1990. The district court clerk's office received an inquiry from Burgess on January 14, 1991, which was dated January 10, 1991. Burgess inquired as to the status of his action, implying that he had not received a copy of the judgment. The district court found that the clerk's office sent Burgess's copy of the November 2 order to an incorrect address. On January 30, 1991, the district court entered an order extending Burgess's time to appeal from the November 2, 1990, order until 30 days after the entry of the January 30, 1991, order. The district court's clerk's office received Burgess's notice of appeal on February 25, 1991. The notice was returned to Burgess for an original signature and the notice of appeal was finally filed on March 15, 1991.
 
 
 4
 Burgess failed to file his notice of appeal during the 30-day appeal period designated in Fed.R.App.P. 4(a). He also failed to file a motion for extension of time during the next 30-day period which would have authorized the district court to extend his time for filing his notice of appeal. Therefore, even though the district court later granted Burgess an extension, it lacked jurisdiction to do so. Hensley v. Chesapeake & O. Ry. Co., 651 F.2d at 228. This conclusion is not changed because Burgess failed to receive notice of the entry of judgment against him. Ali, 769 F.2d at 205; Hensley, 651 F.2d at 230-31. Burgess failed to file a timely notice of appeal and this Court has no jurisdiction over his appeal. See Browder, 434 U.S. at 264.
 
 
 5
 Accordingly, we dismiss this appeal for lack of jurisdiction. We also dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 *
 Although we dismiss the appeal for the reasons stated in the text, we note that the district court properly ruled that Burgess's complaint was barred by the Virginia statute of limitations