35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rodenburg Rodney HICKS, Petitioner-Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; Attorney General
of the State of South Carolina, Respondents-Appellees.
Rodenburg Rodney HICKS, Petitioner-Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; Attorney General
of the State of South Carolina, Respondents-Appellees.
 Nos. 93-7333, 94-6321.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 17, 1994.
Decided Sept. 13, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Columbia. David C. Norton, District Judge. (CA-92-3586-3-18AJ)
 Rodenburg Rodney Hicks, appellant pro se.
 Donald John Zelenka, Chief Deputy Atty. Gen., Columbia, SC, for appellees.
 D.S.C.
 DISMISSED.
 Before MURNAGHAN, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Here we consider Appellant Rodenberg Rodney Hicks' appeal from the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of its order granting summary judgment on his 28 U.S.C. Sec. 2254 (1988) petition.
 
 
 2
 We note preliminarily that the district court erred in granting Hicks leave to file an untimely appeal from the September 16, 1993, summary judgment order. Hicks did not file a notice of appeal until December 8, 1993. Hicks did file a Rule 60(b) motion for reconsideration on October 5, 1993. However, that motion was not filed in time to toll the permissible period for filing his notice of appeal from the summary judgment order. Fed. R.App. P. 4(a)(4)(F). Further, Hicks did not file a motion requesting leave to file an untimely appeal until December 23, 1993, sixty-eight days after expiration of the original thirty-day appeal period. Under Fed. R.App. P. 4(a)(5), the district court has discretionary authority to extend the filing date for a notice of appeal only if a motion requesting an extension is filed within thirty days after expiration of the original appeal period. Therefore, the district court had no authority to grant leave to appeal from the summary judgment order. See Ali v. Lyles, 769 F.2d 204, 205 (4th Cir. 1985). Accordingly, this court does not have jurisdiction to entertain an appeal of that order. Id.
 
 
 3
 However, Hicks filed a Rule 60(b) motion for reconsideration that was denied on November 5, 1993. Thus, his December 23, 1993, Fed. R.App. P. 4(a)(5) request for an extension of time to appeal was timely as to the November 5, 1993, denial of his Rule 60(b) motion. Therefore, we will consider the district court's grant of leave to file an untimely appeal and Hicks' subsequent notice of appeal as sufficient for us to review the denial of Hicks' Rule 60(b) motion.
 
 
 4
 This court reviews a denial of a Rule 60(b) motion for reconsideration for abuse of discretion. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir.1984). Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that the district court did not abuse its discretion; hence, this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court. Hicks v. South Carolina Dep't of Corrections, No. CA-92-3586-3-18AJ (D.S.C. Sept. 16 & Nov. 5, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED