

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-1995

# Marcangelo vs. Boardwalk Regenc

Precedential or Non-Precedential:

Docket 94-5445

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"Marcangelo vs. Boardwalk Regenc" (1995). *1995 Decisions.* Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 94-5445
_____

MICHAEL MARCANGELO,
                    Appellant
          v.

BOARDWALK REGENCY d/b/a CAESARS ATLANTIC CITY a/k/a/
     CAESARS BOARDWALK REGENCY HOTEL CASINO,
                    Appellee
          v.

     IGT, a Nevada Corporation,
                    Appellee
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY
          (D.C. No. 93-cv-04647)
_____

Submitted Pursuant to Third Circuit Rule
          January 25, 1995

BEFORE:  MANSMANN, HUTCHINSON, and WEIS, Circuit Judges

Filed  February 9, 1995
_____

Morris M. Goldings, Esquire
Alice E. Moore, Esquire
Sally A. Morris, Esquire
MAHONEY, HAWKES & GOLDINGS
The Heritage on the Garden
75 Park Plaza
Boston, MA  02116

Kenneth F. Hense, Esquire
McGlynn, Reed, Hense & Pecora
Route 88 & Herbertsville Road
Point Pleasant, NJ 08742

Attorneys for Appellant

John M. Donnelly, Esquire
Mary Beth Clark, Esquire
JOHN M. DONNELLY, P.C.
26 S. Pennsylvania Avenue
Atlantic City, NJ  08401

Attorneys for Boardwalk Regency Corporation, Appellee

Guy S. Michael, Esquire
Brown & Michael
1125 Atlantic Avenue
Suite 518
Atlantic City, NJ 08401

Attorney for IGT, Appellee

_____

OPINION OF THE COURT
_____

WEIS, Circuit Judge.

        In this case, the clerk of the district court sent timely notice that a judgment had been entered to the plaintiff's local counsel but not to the out-of-state lawyer who had primarily handled the litigation.  Because the time for appeal had expired, the out-of-state lawyer requested an extension.  In denying the motion, the district court read the applicable procedural rules as precluding relief when one of a party's lawyer had received notice.  We agree and affirm.

        Plaintiff was a patron at the defendant's gambling casino in Atlantic City, New Jersey, where he played a slot machine called "Pokermania."  The machine provided for jackpots

when the screen displayed images of cards that would be winning hands in a poker game, among them a royal flush.

While plaintiff was playing, the machine displayed an image of these five cards, in order:  Ace, King, Queen, Jack, and Ten of Hearts.  He then asked for payment of the primary progressive jackpot, at that time worth $187,736.60, but the defendant paid only the secondary jackpot of $1,046.42. Defendant took the position that a sign on the machine stated that the large award was for a "sequential heart royal flush (10, J., Q, K, A)" and that, because  the plaintiff's winning hand was in the reverse order (Ace, King, Queen, Jack, Ten), he did not qualify.

Plaintiff filed a diversity suit in the district court of New Jersey, alleging breach of contract, fraud, and violations of the state consumer fraud act.  The district court granted summary judgment to defendant, concluding that plaintiff did not have a private right of action under the state's Casino Control Act, that the common law claim was preempted by the Act, and that plaintiff was not entitled to recover in any event.

The judgment was docketed on March 30, 1994, and the court clerk sent timely notice to the plaintiff's local counsel, Kenneth F. Hense, of the law firm of McGlynn Reed Hense & Pecora, whose office was located in Point Pleasant, New Jersey.  However, the clerk did not send a notice to the plaintiff's principal counsel, Morris M. Goldings, of the law firm of Mahoney, Hawkes & Goldings, whose office was located in Boston, Massachusetts.

Mr. Goldings first learned of the entry of the summary judgment on June 10, 1994 in a telephone conversation with the defendant's lawyer. After verifying the fact that his local counsel, Mr. Hense, had indeed received the notice but had not communicated that information, Mr. Goldings filed a motion on June 17, 1994, to reopen the time for appeal pursuant to Fed. R. App. P. 4(a)(6).

In an affidavit attached to his motion, Mr. Goldings explained that he had been admitted as counsel pro hac vice, had provided his name and address on all papers filed in the case, had received copies of prior notices directly from the clerk, and had appeared before the court. Relying on the past practice of the clerk, he had expected to be directly notified of court orders.

The district court denied the motion, observing that Local Rule 4(C) provides that the clerk's office will send copies of court orders only to local counsel, even when out-of-state counsel has appeared pro hac vice. The Rule thus imposes on local counsel the responsibility for transmitting information to out-of-state counsel. The court also relied on the text of Fed. R. App. P. 4(a)(6) that the notice provision refers to "a party," not counsel.

Plaintiff has appealed both the order denying the extension of time and the entry of summary judgment. He contends that, in the absence of prejudice to the defendant, the district court abused its discretion in refusing to enlarge the time for filing an appeal.

Federal Rule of Appellant Procedure 4(a)(6) provides as follows:

> "The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."

The Committee notes explain that this amendment, which was adopted in 1991, provides "a limited opportunity for relief" where a party has not received notice from the clerk.

Before the Rule was amended, parties had lost the right to appeal in a number of instances because of clerks' failures to send timely notice. To mitigate this harsh result, some district courts resorted to the use of the "excusable neglect" language in Fed. R. App. P. 4(a)(5) or Fed. R. Civ. P. 60(b)(6). These efforts, however, were not favorably received by appellate courts, influenced to some extent by the compelling need for finality in litigation. See, e.g., Alaska Limestone Corp. v. Hodel, 799 F.2d 1409 (9th Cir. 1986); Pedereaux v. Doe, 767 F.2d 50 (3d Cir. 1985); Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d

226 (4th Cir. 1981); Gooch v. Skelly Oil Co., 493 F.2d 366 (10th Cir. 1974).

Fed. R. App. P. 4(a)(6) provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk. The procedure is not freely available because it was designed not to unduly affect the time when judgments become final. As the Committee Note stresses, the "provision establishes an outer time limit of 180 days" within which a party who has not received notice of the entry of a judgment may request a limited extension. As a way to reduce the 180-day period, however, the Rule provides that notice may be sent to adverse parties by a party who has learned of the judgment. The Committee Note encouraged winning parties to follow this practice in order to prevent claims of injustice by adverse parties that received no notice from the clerk's office.

The careful balancing of interests revealed by the text and the Committee Note is a compelling reason for adherence to the language of the rule. It is pertinent also that Congress amended 28 U.S.C. § 2107(c), in accordance with the Committee's suggestion, to reiterate the text of Rule 4(a)(6). Thus, the procedure has both specific statutory and Rule authority.

The language of the Rule leaves no doubt as to the result to be reached here. It is a "party" not given notice who is eligible for relief. Here, the plaintiff was represented by two law firms, either of whom were authorized to receive notices on behalf of the client. A "party is deemed bound by the acts of

his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." <u>Pioneer Investment Services Co. v. Brunswick Assoc.</u>, 113 S. Ct. 1489, 1499 (1993) (internal quotations omitted).

Regrettably, the lack of communication that occurred here is not a unique circumstance. In <u>Alaska Limestone</u>, 799 F.2d at 1412, the Court held that "receipt of notice by one of two counsel of record, as here, sufficiently informs the party of the entry of judgment." The argument that relief should be granted when the party's "principal" counsel did not receive notice was rejected in <u>Gooch</u>, 493 F.2d at 370; <u>see</u> <u>also</u> <u>Borowski v. DePuy, Inc.</u>, 876 F.2d 1339, 1341 (7th Cir. 1989) (local counsel's failure to forward a report was a "run of the mill oversight," rather than "excusable neglect"). Although these rulings were in cases citing Fed. R. App. P. 4(a)(5) and Fed. R. Civ. P. 60(b), the holdings are equally applicable to Fed. R. App. P. 4(a)(6).

Plaintiff's counsel laments that defendant's opposition to the motion to extend the time is inconsistent "with the spirit of professional collegiality" which was the norm in the practice of law twenty years ago. We do not approve of the "hardball" tactics unfortunately used by some law firms today. The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice.

The <u>Code of Trial Conduct</u> adopted by the American College of Trial Lawyers in 1987 expresses a desirable standard:

"To opposing counsel, a lawyer owes the duty of courtesy, candor in the pursuit of the truth, cooperation in all respects not inconsistent with [the] client's interests and scrupulous observance of all mutual understandings.

. . .

The lawyer, and not the client, has the sole discretion to determine the accommodations to be granted opposing counsel in all matters not directly affecting the merits of the cause or prejudicing the client's rights, such as extensions of time, continuances, adjournments and admission of facts."

Code of Trial Conduct pmbl, § 12.

The case before us is, however, one in which counsel's failure to agree to an extension had no relevance. The time limits provided by Fed. R. App. P. 4(a)(6) and 28 U.S.C. § 2107 are "mandatory and jurisdictional," and the courts are required to dismiss untimely appeals sua sponte. Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 264 (1978). The parties may not confer jurisdiction on the Court by consent. Consequently, even in the absence of opposition, the motion could not have been granted.[1]

---

[1]. In any event, as the Court of Appeals observed in Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 361 (8th Cir. 1994), in similar circumstances, because the appellant's arguments on the merits of the claim against the appellee are not persuasive, an affirmance could be the only result if we were to reach the merits.

Accordingly, the order of the district court will be affirmed.