UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: BULLDOG TRUCKING,
INCORPORATED, formerly known as
Bulldog Trucking of Georgia,
Incorporated, a Delaware
Corporation,
<u>Debtor.</u>

No. 95-2078

LANGDON M. COOPER, Trustee for
Bulldog Trucking, Incorporated,
<u>Plaintiff-Appellee,</u>

v.

PRODUCTIVE TRANSPORTATION
SERVICES, INCORPORATED,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(MISC-94-135-3-P, BK-92-3325, BK-90-31936-C-B)

Submitted: June 20, 1996

Decided: July 2, 1996

Before HALL, WILKINS,* and HAMILTON, Circuit Judges.

_____

*Judge Wilkins did not participate in consideration of this case. The
opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert J. Gallagher, M. SHIELDS GALLAGHER & GALLAGHER, P.C., Northampton, Massachusetts, for Appellant. Joseph L. Steinfeld, Jr., John T. Siegler, SHAWN, MANN & NIEDERMAYER, L.L.P., Washington, D.C.; Langdon M. Cooper, ALALA, MULLEN, HOL-LAND & COOPER, P.A., Gastonia, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellant, Productive Transportation Services, Inc. (Productive), appeals the district court's denial of its motion for an enlargement of time to file an appeal. Productive contends that it did not receive the district court's final order within twenty-one days of entry because the order was mailed only to Productive's in-state associate counsel of record instead of being mailed to the out-of-state lead counsel. Thus, Productive contends that the period for filing a notice of appeal may be extended under Fed. R. App. P. 4(a)(6). The district court found that the first requirement under Rule 4(a)(6) was not met because receipt of the final order by Productive's associate counsel was sufficient notice. The court also noted that the Fed. R. App. P. 4(a)(5) thirty-day extension period had expired before the motion for extension was filed. Finding no reversible error, we affirm.

Productive's claim is without merit because it did receive notice of the district court's final order. It is undisputed that Productive's associate counsel of record did timely receive the district court's final

2

order, and notice to a party's attorney is notice to the party.**1** Rule 4 of the Federal Rules of Appellate Procedure speaks of notice to a party and not particular individuals or counsel. **2** Receipt of the final order by at least one of the counsel of record is sufficient to constitute notice to Productive.**3**

Because Productive did receive notice of the district court's final order, the district court could only have granted Productive's motion if it was filed before the end of the thirty-day extension period of Rule 4(a)(5). Courts are not empowered to extend the appeal period after the Fed. R. App. P. 4(a)(5) thirty-day extension period has expired.**4** The district court entered its final order on December 8, 1994, and Productive filed its motion for an enlargement of time to file an appeal on February 21, 1995, several days after the thirty-day extension period ended. Therefore, the district court properly denied Productive's motion for an enlargement of time to file an appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**1 See Marcangelo v. Boardwalk Regency**, 47 F.3d 88, 90 (3d Cir. 1995).
**2 Id.**
**3 Id.**; Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir. 1986); Gooch v. Skelly Oil Co., 493 F.2d 366, 370 (10th Cir.), cert. denied, 419 U.S. 997 (1974).
**4 Ali v. Lyles**, 769 F.2d 204, 205 (4th Cir. 1985).