UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                              No. 01-6962

ROSS AVON SELLMAN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-95-111-WMN, CA-98-1559-HNM)

Submitted: September 6, 2001

Decided: October 12, 2001

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

Vacated in part and dismissed by unpublished per curiam opinion.

### COUNSEL

Ross Avon Sellman, Appellant Pro Se. Martin Joseph Clarke, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ross Sellman seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. We find that the district court was without jurisdiction to grant Sellman's motion for an extension of time in which to note an appeal and that Sellman's notice of appeal was untimely.

The time periods established by Fed. R. App. P. 4 are "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)). Rule 4(a)(1)(B) establishes a sixty-day appeal period from the date of entry of judgment for appellants, like Sellman, who seek to challenge orders in which the United States is a party. The district court is authorized, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5). After the expiration of this thirty-day period, neither this court nor the district court may grant further extensions of time. *Ali v. Lyles*, 769 F.2d 204, 205 (4th Cir. 1985).

The district court entered its order denying relief on Sellman's § 2255 motion on April 24, 2000. Thus, the sixty-day period during which Sellman could have noted a timely appeal expired on June 23, 2000, and the thirty-day period in which he could have timely moved for an extension of time expired on July 24, 2000. Sellman's letter to the district court requesting an extension of time was given to prison officials for mailing on July 29, 2000. Thus, even giving Sellman the benefit of the earliest possible filing date, *see Houston v. Lack*, 487 U.S. 266 (1988), his motion was not filed within the extension period. The district court, therefore, was without jurisdiction to grant the extension, *Hensley v. Chesapeake & O. Ry. Co.*, 651 F.2d 226, 228 (4th Cir. 1981), and this court is without jurisdiction to hear the appeal.

Accordingly, we vacate the district court's order granting Sellman's motion to extend, deny a certificate of appealability, and dis-

miss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED IN PART AND DISMISSED*