UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MICHAEL O. DEVAUGHN, a/k/a
Michael DeVaughn,

          *Plaintiff-Appellant,*

v.

ISAAC JOHNSON, JR., Assistant United
States Attorney; J. WESLEY
HOLBROOK, Assistant United States
Attorney,

          *Defendants-Appellees.*

No. 03-6407

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Margaret B. Seymour, District Judge.
(CA-01-2657-4-24)

Submitted: September 15, 2003

Decided: October 17, 2003

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

Michael O. DeVaughn, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael DeVaughn seeks to appeal the district court's order adopting the magistrate judge's recommendation to dismiss without prejudice DeVaughn's *Bivens*[1] action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)).

The district court's order dismissing DeVaughn's *Bivens* action was entered on the docket on July 3, 2002, and its order denying his motion for reconsideration under Fed. R. Civ. P. 59(e) was entered on August 16, 2002. On February 14, 2003, DeVaughn filed his notice of appeal and a motion to reopen the appeal period under Fed. R. App. P. 4(a)(6).[2] Although the district court granted DeVaughn's motion to reopen the appeal period, we find DeVaughn is not entitled to that relief. DeVaughn's motion of December 19, 2002 demonstrates that he learned of the district court's order denying reconsideration by that date. The plain language of Rule 4(a)(6) requires a motion to reopen be filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, *whichever is earlier*" (emphasis added). Because

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2]*See Houston v. Lack*, 487 U.S. 266, 276 (1988).

DeVaughn's motion to reopen was filed more than seven days after he received notice of the order denying reconsideration, the district court lacked authority to reopen the appeal period. *See Hensley v. Chesapeake & Ohio Ry. Co.*, 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of the time limits in Rule 4 deprives the court of jurisdiction).

Accordingly, we dismiss this appeal as untimely.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

---

[3]*See also Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 91 (3d Cir. 1995) ("The time limits provided by [Rule] 4(a)(6) . . . are 'mandatory and jurisdictional,' and the courts are required to dismiss untimely appeals sua sponte.").