

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2005

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Li v. Atty Gen USA" (2005). *2005 Decisions.* Paper 869.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/869

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2407

SHU YING LI,
Petitioner

v.

*ALBERTO R. GONZALES,
Attorney General of the United States,
Respondent

(*Substituted pursuant to Rule 43(c), Fed. R. App. P.)

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A95-820-904)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2005
Before: SCIRICA, *Chief Judge*, ALITO and RENDELL, *Circuit Judges*

(Filed: July 12, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Shu Ying Li, a Chinese citizen who remained in the United States beyond the

expiration of her temporary visa, petitions for review of an order granting voluntary

departure.  The Board of Immigration Appeals denied her motion to remand pending her application for adjustment of status and dismissed her appeal.  We will affirm.

## I.  Background

Petitioner Li entered the United States by way of a visitor visa on January 23, 2000.  She was authorized to remain in the country for six months but stayed for nearly three years, residing in Texas and New York until the Immigration and Naturalization Service[1] apprehended her on December 4, 2002 and initiated removal proceedings.

On December 24, 2002, Li appeared with an attorney before an Immigration Judge, where she admitted all factual allegations and conceded removability.  Li stated she wished to apply for relief under the Convention Against Torture and, in the alternative, for voluntary departure.  The IJ continued the hearing until February 6, 2003, to permit Li to file her application for relief.  At the next hearing, Li appeared with a different attorney and was granted another continuance of two weeks in order to submit evidence in support of her application.

On February 13, 2003, one week prior to the rescheduled hearing date, Li married Thomas Rhodes, Jr., a U.S. citizen from Minnesota.  At the subsequent hearing, on February 20, Li was accompanied by an interpreter brought by her attorney.  An official court interpreter was not present.  Li's counsel withdrew her request to seek protection

---

[1]Beginning on March 1, 2003, INS became a part of the Department of Homeland Security pursuant to the *Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

under the Convention Against Torture and announced Li's intention, due to her recent marriage, to apply for an immigrant visa and adjustment of status. The IJ denied Li's request to continue the proceedings pending adjudication of her application for adjustment of status. The Immigration Judge then found Li to be removable and granted voluntary departure for a period of 120 days, after which she would be removed to China. Although Li waived her right to appeal, she nonetheless appealed, contending she never requested voluntary departure—a contention predicated upon her argument that she was not provided an interpreter by the court at the February 20 hearing. Despite the waiver, the BIA entertained the appeal.

While the appeal was pending, Li filed a motion with the BIA to remand the case to allow Li to pursue an application for adjustment of status based on her recent marriage. Li submitted affidavits and other evidence alleging the marriage was entered into in good faith. The BIA denied her motion on the grounds that she had not established, with clear and convincing evidence, a strong likelihood that her marriage was bona fide and that her application on remand would be successful. In her petition for review, Li contends the IJ and the BIA abused their discretion in denying her request for a continuance and her motion to remand. Li also contends a denial of due process at the removal hearing due to the absence of a court-provided interpreter.

3

**II. Jurisdiction and Standard of Review**

The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15.  We have jurisdiction under 8 U.S.C. § 1252.  Our review of a due process claim arising from removal proceedings is plenary.  *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595-96 (3d Cir. 2003); *De Leon-Reynoso v. Ashcroft*, 293 F.3d 633, 635 (3d Cir. 2002).  We review the BIA's decision upholding the denial of a continuance for abuse of discretion.  *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003).  Likewise, we review the BIA's denial of a motion to remand for abuse of discretion.  *Korytnyuk v. Ashcroft*, 396 F.3d 272, 282-84 (3d Cir. 2005); *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003).

**III. Analysis**

A.  Due Process

Li contends her right to due process was violated because the court did not provide an interpreter at her removal hearing.  Li contends that because of this, she was unaware that her attorney had withdrawn her request for protection under the Convention Against Torture.  But the record shows that Li's attorney brought an interpreter to the removal hearing and did not object to the absence of a court-provided interpreter.  Furthermore, Li's attorney confirmed to the IJ that he had discussed the withdrawal of the Convention Against Torture claim with Li in her native tongue—and Li does not dispute that these attorney-client communications took place.  It is well established that "clients must be held accountable for the acts and omissions of their attorneys."  *Pioneer Inv. Serv. Co. v.*

4

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *see also Marcangelo v.*

*Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995). Here, in light of the fact that Li

discussed the torture claim with her attorney in her native dialect, and approved counsel's

withdrawal of that claim, the proceeding was not rendered fundamentally unfair by the

absence of a court-appointed interpreter. Accordingly, we see no due process violation.

*See United States v. Torres*, 383 F.3d 92, 103-04 (3d Cir. 2004) (explaining that due

process violation in removal proceeding requires a showing of fundamental unfairness).

B. Continuance and Remand

The Immigration Judge has wide discretion to grant or deny a continuance, and we

review the BIA's decision to uphold the denial of a continuance for abuse of discretion.

*Ponce-Leiva*, 331 F.3d at 377. Li argues a continuance should have been granted pending

her application for adjustment of status. But an alien is not entitled to a stay of removal

proceedings simply because of a pending application for adjustment of status, unless the

alien can make out a prima facie case for adjustment. *See* 8 U.S.C. § 1255a(e)(2) (2004).

An adjustment of status is authorized if, *inter alia*, "the alien is eligible to receive

an immigrant visa and is admissible to the United States for permanent residence, and . . .

an immigrant visa is immediately available to him at the time his application is filed." 8

U.S.C. § 1255(a) (2004). If a marriage is entered into while removal proceedings are

pending, adjustment of status is only appropriate if "the alien establishes by clear and

convincing evidence . . . that the marriage was entered into in good faith . . . and was not

5

entered into for the purpose of procuring the alien's admission as an immigrant." 8 U.S.C. § 1255(e) (2004). Furthermore, the BIA has held that a motion to reopen[2] the proceeding—to provide the alien an opportunity to pursue an application for adjustment—should be granted only when, *inter alia*, "the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide." *Matter of Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002); *see also Bhiski v. Ashcroft*, 373 F.3d 363, 371 (3d Cir. 2004).

As noted, to be eligible for adjustment of status, there must be an immigrant visa immediately available. Here, there was no visa immediately available, as Li did not have an approved visa petition. In addition, Li was married while the removal proceeding was pending, and she produced no evidence at her removal hearing to support the contention that her marriage was bona fide. Given this lack of evidence, the IJ acted within his discretion in refusing to continue proceedings indefinitely, pending the adjudication of Li's application for adjustment of status. *See, e.g., Reynoso-Lopez v. Ashcroft*, 369 F.3d 275, 284 (3d Cir. 2004) (noting that "having expeditious removal proceedings" is a legitimate goal of the INS). Accordingly, the BIA did not abuse its discretion in upholding the Immigration Judge's denial of a continuance.

---

[2]For the purpose of pursuing adjustment of status, a motion to remand is treated as a motion to reopen. *See, e.g., Korytnyuk v. Ashcroft*, 396 F.3d at 282 (3d Cir. 2005) ("[M]otions to remand filed while an appeal is pending before the BIA are essentially motions to reopen denominated differently because no decision on the direct appeal exists to be reopened.").

Turning to Li's motion for remand, the BIA found that she failed to provide clear and convincing evidence of a bona fide marriage. Regulations concerning adjustment of status specify the following as constituting adequate evidence for this purpose:

> (A) Documentation showing joint ownership of property;
> (B) Lease showing joint tenancy of a common residence;
> (C) Documentation showing commingling of financial resources;
> (D) Birth certificates of children born to the applicant and his or her spouse;
> (E) Affidavits of third parties having knowledge of the bona fides of the marital relationship, or
> (F) Other documentation establishing that the marriage was not entered into in order to evade the immigration laws of the United States.

8 C.F.R. § 1245.1(c)(9)(v). Li submitted to the Board brief affidavits from her and Rhodes attesting to their marriage; the marriage license from the State of Minnesota; a very short, unsworn statement from an acquaintance stating that he had observed the couple together on a few occasions; and a small number of posed photos with her and Rhodes in wedding attire. Li did not produce any additional evidence of the sort listed above, and as respondent notes, nothing submitted by Li reveals how or when she met her husband, given that he lived in Minnesota while she had never resided in Minnesota following her arrival in the United States. As such, the BIA did not abuse its discretion when it determined that Li failed to provide clear and convincing evidence of a bona fide marriage, denied her motion to remand, and dismissed her appeal.

## IV. Conclusion

For the foregoing reasons, we will affirm the order of the BIA, and we will deny the petition for review.