**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2835
_____

JAMES PATYRAK,
                              Appellant

v.

PTLM. TIMOTHY APGAR; PTLM. CIALONE; PTLM. DENDIS;
PTLM. JEFFREY AUSTIN; TOWNSHIP OF RARITAN POLICE
DEPARTMENT; BOROUGH OF FLEMINGTON POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:10-cv-06800
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2013
Before:  SMITH, CHAGARES and WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed: January 25, 2013)
_____

OPINION
_____

PER CURIAM.

James Patyrak, proceeding pro se, appeals from an order of the United States

District Court for the District of New Jersey granting his motion for reconsideration but

1

ultimately affirming the dismissal of his complaint with prejudice. For the following reasons, we will affirm.

## I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. On May 9, 2001, Patyrak was arrested by the Borough of Flemington Police Department for aggravated assault, resisting arrest by use of physical force, driving while intoxicated, and refusing to submit to a breathalyzer. Patyrak filed a complaint pursuant to 42 U.S.C. § 1983 in the Superior Court for Hunterdon County, alleging excessive force and malicious prosecution against Appellees. His complaint was removed to the District Court on June 30, 2003 as Civil Action No. 3:03-cv-03127. On April 21, 2004, the District Court issued an order administratively dismissing Patyrak's complaint, noting that the resolution of Patyrak's criminal case may resolve some or all of the issues raised in his complaint. The order prohibited Appellees from asserting a statute of limitations defense except to the extent the facts supporting the defense existed prior to the administrative dismissal.

On December 29, 2010, Patyrak filed his instant complaint, again alleging excessive force and malicious prosecution against Appellees. Appellees filed motions to dismiss, arguing that Patyrak's complaint was barred by the statute of limitations and that the order administratively terminating his prior complaint could not be interpreted to forever prohibit a statute of limitations defense. On November 29, 2011, the District

Court granted Appellees' motions to dismiss and dismissed Patyrak's complaint with prejudice, determining that he had not filed it within the applicable limitations period.

Patyrak filed a motion for reconsideration, attaching a transcript from the November 6, 2008 hearing where his criminal proceedings were dismissed. Patyrak also asserted that he had not received notice of the dismissal until early 2009 and that his complaint would be timely with a 2009 accrual date. On June 11, 2012, the District Court granted Patyrak's motion for reconsideration but reaffirmed its November 29, 2011 order dismissing his complaint with prejudice. Patyrak then timely filed this appeal.

**II.**

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Patyrak's timely appeal from the order granting his motion for reconsideration but reaffirming the dismissal of his complaint "brings up the underlying judgment for review;" therefore, we will also review the District Court's dismissal of his complaint. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007). We "exercise plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). When reviewing, "we must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true,

to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

**III.**

A complaint pursuant to § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)); see also Wilson v. Garcia, 471 U.S. 261, 276 (1985). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. See Dique, 603 F.3d at 185. Therefore, Patyrak's claims are subject to this two-year period.

While state law governs the applicable statute of limitations, federal law controls the issue of when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007). Accrual occurs "when the plaintiff has a complete and present cause of action." Id. (citations omitted) (internal quotation marks omitted). Here, the District Court determined that Patyrak's claims accrued on November 6, 2008, when his criminal proceedings were dismissed. In doing so, the District Court did not charge Patyrak with the almost two years that had elapsed between the May 9, 2001 incident and his prior complaint filed in 2003. Accordingly, we disagree with Patyrak that the District Court applied an unduly strict interpretation of the limitations period when it dismissed his complaint because of its generous determination of when his claims actually accrued. Relying on November 6, 2008 as the accrual date, Patyrak had until November 6, 2010 to

4

file his complaint. He did not do so until December 29, 2010. Accordingly, the District Court properly determined that Patyrak's claims were time-barred.

On appeal, Patyrak alleges that he only became aware of the dismissal of his criminal proceedings in early 2011 after contacting the municipal court. While the November 6, 2008 transcript shows that Patyrak was represented by an attorney at this hearing, it does not show whether Patyrak himself was present. Unfortunately for Patyrak, however, "a 'party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'" Marcangelo v. Boardwalk Regency, 47 F.3d 88, 91 (3d Cir. 1995) (quoting Pioneer Investment Servs. Co. v. Brunswick Assoc., 507 U.S. 380 (1993)) (internal quotations omitted). The transcript clearly shows that Patyrak's attorney had notice of the dismissal on November 6, 2008; accordingly, Patyrak is charged with having notice as of that date and his argument that he did not receive notice until 2011 fails.

Patyrak argues that the District Court did not consider the fact that his complaint contained claims of fraud and conspiracy to commit fraud, both of which are subject to a six-year statute of limitations in New Jersey. See N.J. Stat. Ann. § 2A:14-1. However, his complaint contains no mention of fraud, and any allegation of conspiracy is encompassed in his § 1983 claim, which is subject to the two-year limitations period. See Knoll v. Springfield Twp. Sch. Dist., 763 F.2d 584, 585 (3d Cir. 1985) (holding that "even though constitutional claims alleged under § 1983 encompass numerous and

5

diverse topics and subtopics, the state statute of limitations governing tort actions for the recovery of damages for personal injuries provides the appropriate limitation period").

Furthermore, Patyrak's argument that illness and family loss prevented him from timely filing was already considered by the District Court when considering Patyrak's motion for reconsideration and does not entitle him to equitable tolling of the statute of limitations under New Jersey's discovery rule. "The discovery rule postpones the commencement of a cause of action until a Plaintiff knows, or should have known, of facts which establish that an injury has occurred, and that fault for that injury can be attributed to another." Baer v. Chase, 392 F.3d 609, 622 (3d Cir. 2004); see also Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 422 (3d Cir. 2005) (a state's tolling rules apply when a state's statute of limitations is borrowed for a federal claim). Under the discovery rule, the latest Patyrak knew of the facts surrounding his claims was on November 6, 2008, when his criminal proceedings were dismissed. Accordingly, while his assertions of illness and family loss are unfortunate, they do not excuse his untimely filing.

We also agree with the District Court and Appellees that the 2004 order that administratively terminated Patyrak's prior complaint requires dismissal of his action because of the expiration of the limitations period. First, Patyrak has not provided, and we have not discerned, any legal precedent to support his argument that this order should be construed against the Flemington Police Department merely because it may have prepared the initial draft for the District Court.

We reject Patyrak's assertion that the 2004 order specifically prevented Appellees from asserting a defense based upon the statute of limitations at any time. The 2004 order stated that "this Order of Administrative Dismissal shall not grant to the Defendants the right to assert a defense of Statute of Limitations by virtue of the administrative Dismissal, except to the extent that the facts supporting the defense existed prior to the Administrative Dismissal." (Patyrak v. Apgar, D.N.J. Civ. No. 3:03-cv-03127, Docket #6.) We agree with Appellees that this language does not state that the statute of limitations would never apply or that Patyrak could wait indefinitely before choosing to reopen his complaint. Patyrak has not provided, and we have not discerned, any legal precedent that allows a district court to bar a party from ever presenting a statute of limitations defense. Rather, the 2004 order only prevented Appellees from raising a limitations defense during the pendency of Patyrak's criminal proceedings; it did not give Patyrak leave to file his new complaint out of time.

Finally, a motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Although the District Court granted Patyrak's motion for reconsideration because of his submission of the November 6, 2008 transcript of the hearing at which his criminal proceedings were dismissed, this transcript, as discussed above, supports the November 6, 2008 accrual date because Patyrak's attorney was present at the hearing and Patyrak therefore had constructive knowledge of

7

the dismissal. Accordingly, the District Court properly reaffirmed its dismissal of Patyrak's complaint. Furthermore, although the District Court did not allow Patyrak leave to amend his complaint, we do not see how any amendment to his complaint would save his claims given that they are time-barred. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

## IV.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's orders granting Appellees' motions to dismiss and granting Patyrak's motion for reconsideration but affirming the dismissal of his complaint. Patyrak's request for oral argument is denied.