Robert M. HENSLEY, Appellant,

v.

The CHESAPEAKE & OHIO RAILWAY COMPANY, a Corporation, Appellee.

Robert M. HENSLEY, Appellee,

v.

The CHESAPEAKE & OHIO RAILWAY COMPANY, a Corporation, Appellant.

Nos. 80–1457, 80–1458.

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 23, 1980.

Decided June 8, 1981.

Fred Adkins, Barbara Lee Ayres, Huntington, W. Va. (Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W. Va., on brief), for appellant.

Raymond H. Strople, Willard J. Moody, Portsmouth, Va. (Moody, McMurran & Miller, Ltd., Portsmouth, Va., on brief), for appellee.

Before PHILLIPS, SPROUSE and ERVIN, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

In this case, 86 F.R.D. 555, the district court was confronted with the dilemma of a litigant who did not receive notice of the court's original order until well after the time for giving notice of appeal had expired. Sympathetic to the plight of the litigant, the district court granted plaintiff Hensley's motion under Fed.R.Civ.P. 60(b)(6) for relief from its original order and then reentered that order so that Hensley might take a timely appeal from that reentered order. We hold that, except upon a showing of exceptional or unique circumstances, Fed.R.Civ.P. 60(b) may not be used to avoid the mandate of Fed.R.Civ.P. 77(d) that lack of notice of entry of judgment does not affect the time to appeal prescribed in Fed.R.App.P. 4(a), reverse the district court's decision to set aside its original order under Fed.R.Civ.P. 60(b)(6); and accordingly dismiss Hensley's substantive appeal from the reentered order.

## I

A brief description of the course of proceedings is essential to an understanding of our disposition of the appeals arising from it. A jury awarded Hensley $40,000 on his FELA claim against the Chesapeake & Ohio Railway (C&O). The district court entered judgment on the jury verdict, to which Hensley, apparently dissatisfied with the amount of the verdict, responded, on March 23, 1979, with a motion for new trial. By an order dated June 1, 1979, C&O was permitted to pay the amount of the jury verdict into the court to stop the running of interest. This order also reflected that were Hensley's motion for a new trial denied, he intended to appeal that denial.

On June 12, 1979, the district court denied Hensley's motion for a new trial and directed the clerk to mail certified copies of its order to all counsel. The docket sheet carries a notation that the clerk did comply with the directive and counsel for C&O received notice of the court's order on June 14. For some unexplained reason, however, counsel for Hensley never received notice of the court's order.

In a letter dated September 25, 1979, counsel for Hensley did request the benefit

of the district court's decision on Hensley's motion for a new trial. In response to this letter, Hensley's counsel was informed by the clerk's office that an order had been entered on Hensley's motion on June 12, and a copy of this order was received by counsel for Hensley on October 1.

Hensley responded on October 18, 1979 with a "Motion to Reconsider the Court's Order of June 18, 1979 [sic], or in the Alternative to Vacate Said Order and Reenter it to Allow Plaintiff the Opportunity to Appeal." In support of this motion, affidavits were filed by several members of the office of Hensley's counsel affirming that that office had not received notice of the June 12 order at the time of its entry.

On June 5, 1980, the district court entered two orders in response to Hensley's motion. In the first, the court granted Hensley's Rule 60(b) motion to vacate the June 12, 1979 order denying a new trial. In the second, the court reentered the June 12, 1979 denial of a new trial as of June 5, 1980. In support of these orders, the district court also filed a memorandum opinion in which it based its disposition of Hensley's motion primarily on cases in which a similar procedure had been utilized upon a showing of "unique circumstances." *Hensley v. Chesapeake & Ohio Railway*, 86 F.R.D. 555 (S.D. W.Va.1980).

Hensley immediately filed an appeal— No. 80–1457—substantively challenging the reentered order denying a new trial. The following day, C&O filed an appeal—No. 80–1458—challenging the district court's order granting Hensley's Rule 60(b) motion.

## II

The procedure used by the district court was clearly designed to avoid the time limits imposed on taking an appeal by Fed.R. App.P. 4(a). Under Rule 4(a)(1), an ag-

grieved litigant in a civil case not involving the United States must file notice of appeal with the clerk of the district court within 30 days from the date of entry of the judgment or order appealed from. Under Rule 4(a)(5), the district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon a motion filed not later than 30 days after the expiration of the 30-day period prescribed by Rule 4(a)(1).[1] Moreover, the time limits imposed by Rule 4(a) are buttressed by Fed.R.App.P. 26(b), which bars even a court of appeals from enlarging the time for appeal.

The time requirements of Rule 4(a) are both mandatory and jurisdictional. Timely filing of a notice of appeal deprives a district court of jurisdiction over a case, and so does expiration of the time to file. *See, e. g., Gooch v. Skelly Oil Co.*, 493 F.2d 366, 368 (10th Cir. 1974); *Winchell v. Lortscher*, 377 F.2d 247, 251 (8th Cir. 1967); *Evans v. Jones*, 366 F.2d 772, 773 (4th Cir. 1966). The policy behind this rigorous application of the rules concerning timeliness of appeals is the important one of defining some ascertainable end to litigation so that litigants may order their affairs accordingly. As the Third Circuit commented in passing on the application of Rule 4(a), "[a]ny requirement of compliance with barren technical formalities is to be avoided. But it cannot be denied that certain formalities are indispensable if litigation is to be just, speedy and inexpensive." *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 278 (3d Cir. 1962).

The 60 days following the entry of its June 12, 1979 order having elapsed with no notice of appeal forthcoming from Hensley, the district court recognized that it was "powerless to grant any relief under Rule 4." *Hensley v. Chesapeake & Ohio Rail-*

---

1. The Supreme Court adopted amendments to the Federal Rules of Appellate Procedure, including Rule 4, effective August 1, 1979. In the order adopting the amendments, the court specified that the amendments should "govern all appellate proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of April 30, 1979, 441 U.S. 971 (1979). Even assuming that an appellate proceeding in this case was pending on August 1, 1979, we find that it is "just and practicable" to apply amended Rule 4(a) in this case because none of the changes made in that rule have any effect on our disposition of this matter.

*way,* 86 F.R.D. at 558. The court sought to avoid this result by finding that the failure of Hensley's counsel to receive notice of the order denying a new trial in time to appeal that order was a "reason justifying relief from the operation of the [order]" under Fed.R.Civ.P. 60(b)(6). *Id.* at 561. Since a trial court's decision on a Rule 60(b) motion can only be reviewed for an abuse of discretion, *Fackelman v. Bell,* 564 F.2d 734 (5th Cir. 1977), the district court's decision would appear, at least at first blush, to be unassailable because Hensley's plight would certainly seem to be one meriting Rule 60(b) relief. Application of Fed.R.Civ.P. 77(d), however, mandates a different result.

Rule 77(d) originally established merely that the clerk had a duty to serve by mail a notice of the entry of judgment upon all parties appearing in the case. No statement was made about the effect of a failure by the clerk to perform this duty. In *Hill v. Hawes,* 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), however, the Supreme Court was confronted with precisely this problem. Relying on the failure of the clerk to perform his duty, the Court held that it was permissible for the trial court to vacate its original order and reenter the same order to allow the taking of a timely appeal. *Id.* at 524, 64 S.Ct. at 336.

The Advisory Committee on Rules responded to *Hill* in 1946 by amending Rule 77(d) to add a final sentence that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." The Advisory Committee made it clear that the purpose of this amendment was, in effect, to overrule *Hill v. Hawes*:

> Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal .... It would, therefore, be entirely unsafe for a party

to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of judgment. Fed.R.Civ.P. 77(d), Notes of Advisory Committee on Rules.

The courts have uniformly held that Rule 77(d) bars Rule 60(b) relief when the *sole* reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment. *See, e. g., Hodgson v. United Mine Workers,* 473 F.2d 118 (D.C.Cir.1972); *Weedon v. Gaden,* 419 F.2d 303 (D.C.Cir.1969); *Wagner v. United States,* 316 F.2d 871 (2d Cir. 1963). Finding that that reasoning is faithful to the clearly expressed intent underlying Rule 77(d), we now adopt it as the rule of this circuit.[2]

The district court, however, relied on a group of cases in which, upon a showing of "unique circumstances," Fed.R.App.P. 4(a) has been avoided and Fed.R.Civ.P. 60(b) has been used, in effect, to extend the time for taking an appeal. For example, in *Klapport v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), the Supreme Court considered a case involving the cancellation of naturalization certificates of a German-born, naturalized citizen during World War II. The petitioner's undenied allegation was that while he was held in federal prison on unsupported sedition charges, the Government caused a district court to revoke his citizenship on the ground that he failed to appear and defend, although he was without funds to hire an attorney and the F.B.I. had confiscated his letter seeking legal counsel from the Civil Liberties Union. The Supreme Court held that under these outrageous circumstances the petitioner was entitled to relief under Rule 60(b)(6) because that rule "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Id.* at 615, 69 S.Ct. at 390.

In *Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir. 1970) (per curiam), the Fifth

2. This disposition is in accord with three unpublished opinions of this court. *Myers v. Martin,* 571 F.2d 577 (4th Cir. 1978); *Hampton v. Warden,* 571 F.2d 576 (4th Cir. 1978); *In re Carter,* No. 75–2302 (4th Cir., Dec. 11, 1975).

Circuit was similarly confronted with a case involving extraordinary circumstances. Counsel for plaintiff in *Jackson* was out of the country when he was advised by telephone that the court had rendered an opinion in his client's case. Counsel immediately sent a letter asking that the trial judge withhold entry of the judgment until his return. Despite knowledge of this request, counsel for defendant prepared a proposed judgment, and the court, without the knowledge of either counsel, promptly entered that judgment. Upon discovery of the entry of this judgment, plaintiff's counsel filed a Rule 60(b) motion to vacate and reenter the judgment four or five days after the time for extension provided in Rule 4(a) had elapsed. The trial court granted the Rule 60(b) motion. *Id.* at 6–7. Considering the irregular procedure involved in the entry of the judgment and the lack of prejudice to the appellee arising from an extension of the time for appeal by only four or five days, the Fifth Circuit held that the trial court's action was not an abuse of discretion. *Id.* at 8.

The Fifth Circuit again applied the "unique circumstances" analysis to avoid the proscription of Rule 77(d) in *Fidelity & Deposit Co. v. Usaform Hail Pool, Inc.,* 523 F.2d 744 (5th Cir. 1975). Counsel for the appellant in that case made repeated inquiries to the court about whether judgment had been entered and was finally told to cease the inquiries and that notice would be given. The failure of the clerk then to notify counsel, coupled with the diligence of appellant's counsel and his reasonable reliance on the representations of an agent of the court, was held sufficient to warrant the granting of a Rule 60(b) motion and the reentry of the judgment in order for the appellant to prosecute a timely appeal. *Id.* at 751. Similarly, the Eighth Circuit has held that an appellant whose attorney had inquired three times about the status of his case and was told that he would be notified of entry of judgment did demonstrate "unique circumstances" entitling the appellant to Rule 60(b) relief when the promised notice was not forthcoming. *Buckeye Cellulose Corp. v. Braggs Electric Construction Co.,* 569 F.2d 1036, 1038–39 (8th Cir. 1978) (per curiam).

Whether the "unique circumstances" cases are regarded as exceptions to the strict time constraints of Rule 4(a) and the proscription of Rule 77(d) or, as we perceive them, merely as cases in which those rules were not intended to apply, the Supreme Court has made it clear that "extraordinary" or "unique" circumstances in this context should rarely be found. *See Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *accord, In re Morrow,* 502 F.2d 520 (5th Cir. 1974). With respect to Rule 77(d), the Second Circuit has aptly noted that the courts that have found "unique circumstances" meriting the avoidance of Rule 77(d) through the use of the procedure utilized by the district court in this case "have required more than the mere failure to notify the parties that judgment has been entered." *Mizell v. Attorney General of New York,* 586 F.2d 942, 944–45 n.2 (2d Cir. 1978).

Applying the principles to be drawn from these decisions, it is clear that Hensley has not demonstrated the "unique circumstances" that would entitle him to Rule 60(b) relief. In support of its decision, the district court stated that Hensley's counsel was entitled to assume that it would take the court a good deal of time to pass on Hensley's lengthy motion for a new trial, in which sixteen grounds were assigned. *Hensley v. Chesapeake & Ohio Railway,* 86 F.R.D. at 560–61. In addition, the court noted that an order entered prior to its decision on the motion for a new trial reflected that, if that motion were denied, Hensley intended to appeal. *Id.* at 561.

We conclude, however, that neither of these circumstances may be considered "unique" in the relevant sense. While Hensley's counsel might reasonably have anticipated some delay in the decision on Hensley's motion, Rule 77(d) puts the onus on counsel to inquire about the status of his or her case, and counsel should in no event be permitted to wait, as Hensley's counsel did, over six months before inquiring about decision on a motion. Moreover, counsel

should not be allowed to shift the burden of inquiry and avoid the intent of Rule 77(d) by simply making it known in advance that he or she intends to appeal an adverse judgment or order. Were we to sanction such an approach, Rule 77(d) would be applicable to few, if any, cases.

Stripped of these less than "unique" circumstances, Hensley's Rule 60(b) motion must be viewed as one based solely on his failure to receive notice of entry of the district court's June 12 order—a circumstance that Rule 77(d) mandates may not be used to extend the time limits of Rule 4(a). With the Tenth Circuit, we conclude that "Rule 77(d), as amended, . . . plainly charges the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest." *Long v. Emery*, 383 F.2d 392, 394 (10th Cir. 1967). Having failed to discharge his duty under Rule 77(d), Hensley was not entitled to relief under Rule 60(b), and it was an abuse of discretion for the district court to grant that relief.

We therefore reverse the district court's order of June 5, 1980 granting Hensley's motion for relief under Rule 60(b)(6), which was the subject of C&O's appeal in No. 80–1458. We also vacate the court's order of June 5, 1980 reentering its order of June 12, 1979 and accordingly dismiss Hensley's appeal from that order in No. 80–1457.

*No. 80–1458 VACATED IN PART; REVERSED IN PART.*

*No. 80–1457 DISMISSED.*