818 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Walter WOLTZ, Plaintiff-Appellant,
v.
Ms. COPELAND, Warden, MRDCC; Mrs. S. Williams,
Correctional Officer MRDCC, Defendant-Appellee.
 No. 87-7010.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 10, 1987.
Decided May 15, 1987.
 
 Robert Walter Woltz, appellant pro se.
 Stephen Howard Sachs, Attorney General, Richard M. Kastendieck, Office of the Attorney General, for appellees.
 Before RUSSELL, WIDENER and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 On July 5, 1985, Robert Woltz filed a complaint alleging that his civil rights had been violated. On March 13, 1986, the district court granted the defendants' motion and dismissed Woltz's complaint. Woltz filed his notice of appeal on September 29, 1986. In his appeal Woltz seems to assert that he failed to receive notice of the court order because of a charge in his address.
 
 
 2
 The only issue before this Court is whether Woltz's appeal was timely filed. In civil actions in which the United States is not a party, appellants have 30 days from entry of the district court's order to file their notice of appeal. Fed. R. App. P. 4(a)(1). Rule 4(a)(5), Fed. R. App. P., provides a limited means by which appellants may seek extension of their thirty day limit: "the district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." The appellant must specifically request an extension of time. However in the absence of a request for extension of time filed within 60 days after the entry of judgment the district court is without authority to grant a further extension of time. Hensley v. Chesapeake & Ohio Railway Co., 651 F.2d 226, 228 (4th Cir. 1981). Moreover, Rule 77(d), Fed. R. Civ. P., expressly states that "ack of notice of entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed." Woltz's allegation that he did not receive the court's order will not extend the time for filing the notice of appeal.
 
 
 3
 Accordingly, we dismiss the appeal as untimely filed. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 4
 DISMISSED.