828 F.2d 17
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul Edwin PITTS, Petitioner-Appellant,
v.
Frank HORTON, Warden, Attorney General of South Carolina,
Respondents-Appellees.
 No. 86-7672
 United States Court of Appeals, Fourth Circuit.
 Submitted November 28, 1986.
Decided August 18, 1987.
 
 Paul Edwin Pitts, appellant pro se.
 Donald John Zelenka, Office of the Attorney General, for appellees.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul Pitts, a South Carolina inmate, appeals from the district court's order of May 2, 1986, denying his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. We find that we must dismiss this appeal for lack of jurisdiction.
 
 
 2
 Pitts' petition for habeas corpus relief was denied by the district court on May 2, 1986. Pitts filed a notice of appeal on July 28, 1986, and then filed a motion for an extension of time to file an appeal on August 28, 1986. Both the notice of appeal and the motion for extension were untimely. Federal Rule of Appellate Procedure 4(a)(1) allows for a notice of appeal to be filed within thirty days after entry of the order or judgment being appealed. A motion for an extension of time to file may be filed within thirty days after the expiration of the thirty-day period allowed for filing an appeal. Fed. R. App. P. 4(a)(5). Pitts' notice of appeal should have been filed by June 2, 1986, and his motion for an extension should have been filed by July 2, 1986. After the expiration of the thirty-day extension period, the court is without power to grant any further extension. Hensley v. Chesapeake & Ohio Railway, 651 F.2d 226, 228 (4th Cir. 1981). Even if his motion for an extension were considered on its merits, the extension could only be granted if Pitts showed excusable neglect or good cause, which he has not done. Pitts states only that his appeal should be heard because he is proceeding pro se, because he reads and writes with difficulty and because the court did notify him of his right to appeal. There is no requirement for such notification in a civil case and Pitts' pro se status is not, by itself, sufficient good cause to justify an extension.
 
 
 3
 Accordingly, we deny a certificate of probable cause to appeal and dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 DISMISSED.