**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KENNETH SEATON; MARGARET
SEATON, d/b/a Hi-Tech Hygiene, as
individuals,
<u>Plaintiffs-Appellants,</u>

v.

No. 98-1844

SCIENTIFIC HYGIENE, INCORPORATED, a
Nevada corporation; KENNETH
KROLL, individually; ROBERT
WARMINGTON, individually,
<u>Defendants-Appellees.</u>

KENNETH SEATON; MARGARET
SEATON, d/b/a Hi-Tech Hygiene, as
individuals,
<u>Plaintiffs-Appellants,</u>

v.

No. 98-1953

SCIENTIFIC HYGIENE, INCORPORATED, a
Nevada corporation; KENNETH
KROLL, individually; ROBERT
WARMINGTON, individually,
<u>Defendants-Appellees.</u>

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Charles H. Haden II, Chief District Judge.
(CA-95-127-3)

Submitted: April 30, 1999

Decided: August 20, 1999

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

No. 98-1844 affirmed in part and dismissed in part and No. 98-1953
dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth Seaton, Margaret Seaton, Appellants Pro Se. Hugo Nathan
Gerstl, Monterey, California, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

These appeals arise from litigation between Kenneth and Margaret
Seaton, the Appellants, and Scientific Hygiene and two of its officers,
the Appellees. Presently before the Court are the Seatons' appeals of
the district court's orders of March 5, March 9, May 1, and June 19,
1998, denying the Seatons' motions to amend the judgment, for
reconsideration, and for an extension of time to appeal the March 5
order.

As a preliminary matter, the Seatons' May 28, 1998, notice of
appeal was not timely as to the district court's March 5, 1998, denial
of their March 3, 1998, motion for reconsideration or to amend the
judgment. Thus, we dismiss appeal No. 98-1844 for lack of jurisdic-
tion insofar as the appeal relates to the March 5, 1998, order. See Fed.
R. App. P. 4(a)(1); Browder v. Director, Dep't of Corrections, 434
U.S. 257, 264 (1978) (holding that the time limits of Rule 4 are "man-

2

datory and jurisdictional"). We note that the district court did not abuse its discretion in denying the Seatons' motion for extension of time to appeal the March 5 order. Their motion for extension of time was filed on May 26, 1998, well beyond both the thirty-day appeal period set forth in Rule 4(a)(1) and the additional thirty-day extension period in Rule 4(a)(5). The district court does not have jurisdiction to extend the appeal period beyond the time provided in Rule 4. See Hensley v. Chesapeake & Ohio Ry., 651 F.2d 226, 228 (4th Cir. 1981). Thus, the denial of the motion for extension of time was proper.

We affirm in part No. 98-1844 as to the district court's May 1 order denying the Seatons' March 9 motion for reconsideration. The Seatons based their request for reconsideration on an allegation of fraud on the court. However, this court addressed and rejected this claim in the Seatons' prior appeal. See Seaton v. Scientific Hygiene, Inc., No. 96-1497 (4th Cir. Sept. 9, 1997) (unpublished). In addition, the motion was filed on March 9, 1998, more than one year after the district court entered final judgment on March 27, 1996; a motion for reconsideration based on fraud must be filed within one year of the district court's final order. See Fed. R. Civ. P. 60(b)(3).

We deny leave to proceed in forma pauperis and dismiss the appeal in No. 98-1953 because the Seatons do not qualify for indigent status and because, as with No. 98-1844, the motion was untimely and involved a matter already considered by this court in the prior appeal.

We deny the Seatons' "Motion to Ensure Corrected Record on Appeal" and their "Motion to Submit Late Evidence." Further, we deny the Seatons' motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-1844, AFFIRMED IN PART, DISMISSED IN PART

No. 98-1953, DISMISSED

3