**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

COMSAT CORPORATION,
Plaintiff-Appellant,

v.

IDB MOBILE COMMUNICATIONS,

No. 99-2271

INCORPORATED; TELEGLOBE,
INCORPORATED; WORLDCOM,
INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-98-281-AW)

Submitted: March 28, 2000

Decided: May 2, 2000

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark D. Wegener, Mark I. Levy, HOWREY & SIMON, Washington,
D.C., for Appellant. Alfred M. Mamlet, Maury D. Shenk, Omer C.
Eyal, STEPTOE & JOHNSON, L.L.P., Washington, D.C., for Appel-
lees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

COMSAT Corporation appeals from the district court's order denying its motion filed under Fed. R. Civ. P. 60(a), (b). We affirm.

COMSAT's motion requested that the district court: (1) correct the record to show that its original motion for reconsideration was filed on May 13, 1998, rather than May 18, 1998, making it fall within the ten-day period specified in Fed. R. Civ. P. 59(e) for tolling the running of the appeal period; and (2) vacate its orders of July 6, 1998, and October 1, 1998, and enter a new order from which COMSAT could file a timely notice of appeal.

Addressing the second of these issues first, by seeking to have the district court vacate its prior orders and enter a new one, COMSAT is, as the district court recognized, essentially seeking an extension of the mandatory time limits set forth in Fed. R. Civ. P. 4(a). This is impermissible. Federal Rule of Civil Procedure 77(d) clearly provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed. R. Civ. P. 77(d). Moreover, this Court has explicitly held "that Rule 77(d) bars Rule 60(b) relief when the sole reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment." Hensley v. Chesapeake & O. Ry., 651 F.2d 226, 228 (4th Cir. 1981).[1] Accordingly, we find that the district court properly denied this motion.

_____

[1] Although exceptions to this rule might exist for cases involving "unique circumstances," such cases "`have required more than the mere failure to notify the parties that judgment has been entered.'" Hensley, 987 F.2d at 230 (quoting Mizell v. Attorney General of New York, 586 F.2d 942, 944-45 n.2 (2d Cir. 1978)).

This determination makes resolution of the first issue unnecessary aside from COMSAT's desire to appeal the October 1, 1998, order denying its prior motion for reconsideration. Even assuming that the October 1, 1998, order was not merely a reentry of the July 6, 1998 order, but instead constituted a new order from which COMSAT could appeal, because COMSAT raised no arguments concerning this order in its prior appeal before this court, we find that it has waived its opportunity to do so now.

Finally, COMSAT requests that this court exercise its authority under 28 U.S.C. § 2106 (1994) to direct entry of a fresh order from which it may note a timely appeal. Given the clear statements of Hensley above, along with the admonition that "counsel have a duty to inquire about the status of their cases, and the mere failure to receive notice of an entry of an order is, by itself, insufficient to extend the time for appeal," Maksymchuk v. Frank, 987 F.2d 1072, 1075-76 (4th Cir. 1993) (citing Hensley, 651 F.2d at 230-31), we decline COMSAT's request to exercise the authority provided in§ 2106.

Accordingly, we affirm the district court's denial of COMSAT's motion. We deny Appellees' motion for attorney's fees and costs, but grant their motion to submit the case on briefs because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3