**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 01-6472**

———————

DAVID ELLISON,

                                    Petitioner - Appellant,

     versus

WILLIAM D. CATOE; CHARLES M. CONDON,

                                    Respondents - Appellees.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence. Henry M. Herlong, Jr., District Judge. (CA-99-4222-4-20BF)

———————

Submitted:  August 9, 2001        Decided:  August 15, 2001

———————

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

David Ellison, Appellant Pro Se.  William Edgar Salter, III, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Ellison seeks to appeal the district court's orders accepting the magistrate judge's report and recommendation and denying his 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001) petition and denying reconsideration of that order. We dismiss the appeal for lack of jurisdiction because Ellison's notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Ellison's § 2254 petition was entered on the docket on September 27, 2000. Ellison filed a motion to alter or amend the judgment not later than ten days after entry of judgment which tolled the appeal period. See Fed. R. App. P. 4(a)(4)(A). The district court order denying Ellison's motion to alter or amend was entered on the docket October 20, 2000. Ellison filed a notice of appeal March 20, 2001.

Because Ellison failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant

leave to proceed in forma pauperis, deny a certificate of appeal-ability, deny his motion to consolidate, and dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Ellison claims he did not receive written notification of the district court's order denying his motion to alter or amend until March 10, 2001. Nonetheless, late receipt of a final order does not excuse failure to meet the time limits in Fed. R. App. P. 4. See Hensley v. Chesapeake & Ohio Ry., 651 F.2d 226 (4th Cir. 1981); Fed. R. Civ. P. 77(d).

3