UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CAROLYN J. MELVIN,
             *Plaintiff-Appellant,*

v.

CITY OF GREENVILLE; DAVID BEST, in
his individual and official capacity;
HOWARD CONNER, in his individual
and official capacity; CECIL HARDY,
in his individual and official
capacity; CHARLES HINMAN, in his
individual and official capacity;
JOSEPH M. SIMONOWICH, in his
individual and official capacity;
JOHN TEEL, in his individual and
official capacity; CITY OF
GREENVILLE POLICE DEPARTMENT,
             *Defendants-Appellees.*

No. 01-1341

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-96-66-4-H)

Submitted: August 24, 2001

Decided: September 10, 2001

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Carolyn J. Melvin, Appellant Pro Se. Laurence S. Graham, GRA-HAM, SILVER, NUCKOLLS & BROWN, P.L.L.C, Greenville, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Carolyn J. Melvin appeals a district court's order denying her motion for reconsideration under Fed. R. Civ. P. 60. We dismiss for lack of jurisdiction because Melvin's notice of appeal was not timely filed.

Parties in a civil action have thirty days following a final order in which to file a notice of appeal. Fed. R. App. P. 4(a). Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted under Fed. R. App. 4(a). A district court may, for good cause or upon a showing of excusable neglect, extend the time for filing the notice of appeal provided a motion is made within thirty days after the expiration of the prescribed time period. Fed. R. App. P. 4(a)(5). Rule 4(a)(6) permits a district court to reopen the appeal period as long as the motion requesting such relief is filed within 180 days after entry of the order or seven days after receiving notice of the order, whichever is earlier. These time periods are mandatory and jurisdictional. *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978). Expiration of these time limits deprives the court of jurisdiction over the case. *Hensley v. Chesapeake & O. Ry. Co.*, 651 F.2d 226, 228 (4th Cir. 1981).

Melvin seeks to appeal an order entered on December 17, 1999. On March 2, 2001, Melvin filed a motion for extension of time to file her

notice of appeal on the ground that she had not received notice of the entry of such order until February 2001. Although the district court granted the motion, Melvin's motion for permission to file a late notice of appeal from the December 17, 1999, order was filed long after the period in which Melvin could have sought such relief under Rule 4(a) had expired. Therefore, the district court did not have the authority to grant an extension of the time period for filing an appeal of the December 17, 1999 order.

Because Melvin's appeal is untimely, we dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*