**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6773

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHAN DANTE YOUNG,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis III, District Judge.  (CR-99-201; 02-959-AM)

Submitted:  August 12, 2004          Decided:  August 19, 2004

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Nathan Dante Young, Appellant Pro Se.  Justin W. Williams, Assistant United States Attorney, Alexandria, Virginia; Thomas Gerard Connolly, HARRIS, WILTSHIRE & GRANNIS, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nathan Dante Young seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrs., 434 U.S. 257, 264 (1978).

The district court's order dismissing Young's § 2255 motion was entered on the docket on February 3, 2003. On January 29, 2004, Young filed a motion to reopen the appeal period under Fed. R. App. P. 4(a)(6). On February 26, 2004, the district court granted the motion, and Young filed a notice of appeal on March 3, 2004.[1]

Although the district court granted Young's motion to reopen the appeal period, we find Young is not entitled to that

---

[1]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

relief.  The plain language of Rule 4(a)(6) requires a motion to reopen be filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, *whichever is earlier*" (emphasis added).  Because Young's motion to reopen was filed more than 180 days after the order was entered, the district court lacked authority to reopen the appeal period.[2]  <u>Hensley v. Chesapeake & Ohio Ry. Co.</u>, 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of the time limits in Rule 4 deprives the court of jurisdiction).

Accordingly, because the appeal is untimely, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[2]We are obligated to review our jurisdiction sua sponte in all cases.  <u>Maksymchuk v. Frank</u>, 987 F.2d 1072, 1075 (4th Cir. 1993).