**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-6828**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL A. SHINGLER,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Albert V. Bryan, Jr., Senior
District Judge.  (CR-97-318)

—————————

Submitted:  September 27, 2005      Decided:  September 30, 2005

—————————

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Michael A. Shingler, Appellant Pro Se. Kathleen Marie Kahoe,
Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael A. Shingler appeals from the denial of his motion to correct his sentence. We dismiss the appeal for lack of jurisdiction, because Shingler's notice of appeal was not timely filed.

Parties in a civil action, where the United States is a party, have sixty days following a final order in which to file a notice of appeal.* Fed. R. App. P. 4(a). Rule 4(a)(6) permits a district court to reopen the appeal period if a party has not received notice of judgment, but the motion requesting such relief must be filed within 180 days after entry of the order or seven days after receiving notice of the order, whichever is earlier. These time periods are mandatory and jurisdictional. Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978). Expiration of these time limits deprives the court of jurisdiction over the case. Hensley v. Chesapeake & O. Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981).

Shingler seeks to appeal an order entered on August 4, 2004. However, Shingler's notice of appeal was filed no earlier than May 25, 2005, the date Shingler alleged that he received notice of the district court's order. Thus, because the 180-day

---

*The district court informed Shingler that he had sixty days to appeal. Thus, because Shingler is not prejudiced by this determination, we assume that Shingler's motion was civil in nature as opposed to criminal. See Fed. R. App. P. 4(b) (appeals in criminal cases must be filed within ten days).

reopening period expired well before Shingler filed his notice of appeal, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED