**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-6322**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ODESA CASH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Catherine  C.  Blake,  District  Judge.
(1:98-cr-00424-CCB, 1:01-cv-01333-CCB)

———————

Submitted: July 13, 2007            Decided:  July 23, 2007

———————

Before MOTZ and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit
Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Odesa Cash, Appellant Pro Se.  Christine Manuelian, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Odesa Cash seeks to appeal the district court's orders denying his Fed. R. Civ. P. 60(b) motion for reconsideration of and Fed. R. Civ. P. 59(e) motion to alter or amend the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

We are obligated to review our jurisdiction sua sponte in all cases. See Maksymchuk v. Frank, 987 F.2d 1072, 1075 (4th Cir. 1993). When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978).

The district court's order denying Cash's Rule 60(b) motion was entered on its docket on June 23, 2005. The district court's order denying Cash's Rule 59(e) motion was entered on its docket on July 14, 2005. On January 23, 2006, Cash filed a motion in the district court to reopen the appeal period under Fed. R. App. P. 4(a)(6). The district court granted Cash's motion to

reopen and Cash noticed his appeal within fourteen days of the district court's order.

Although the district court granted Cash's motion to reopen the appeal period, we conclude Cash was not entitled to that relief. The plain language of Rule 4(a)(6) requires a motion to reopen be filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6). Because Cash's motion to reopen was filed more than 180 days after the district court's orders were entered, the district court lacked authority to reopen the appeal period. See Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of the time limits in Rule 4 deprives the court of jurisdiction).

Because Cash's notice of appeal is untimely, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED