**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7317**

RICKY LAMAR TURNER,

            Petitioner - Appellant,

        v.

DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,

            Respondent - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:13-cv-00998-TSE-JFA)

Submitted:  January 21, 2015          Decided:  January 29, 2015

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ricky Lamar Turner, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Lamar Turner seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2012) petition as barred by the statute of limitations. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on December 6, 2013. Turner filed an "Out of Time Petition for Appeal," at the earliest, on August 26, 2014.[*] Although the district court granted a reopening of the appeal period under Rule 4(a)(6)(B) and construed the "Out of Time Petition for Appeal" as a timely notice of appeal, we find that Turner is not entitled to that relief. The plain language of Rule 4(a)(6)

---

[*] Turner dated this document August 26, 2014. We presume that this is the earliest date it could have been delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

requires a motion to reopen be filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B) (emphasis added). Because Turner's "Out of Time Petition for Appeal" was filed more than 180 days after the entry of the district court's order, the district court lacked authority to reopen the appeal period. See Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of time limits in Rule 4 deprives the court of jurisdiction).

Accordingly, we deny Turner's motions for appointment of counsel and dismiss the appeal as untimely filed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED