**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6361**

EDDIE LEVORD TAYLOR,

Petitioner - Appellant,

v.

DENNIS DANIELS,

Respondent - Appellee.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Frank D. Whitney,
Chief District Judge.   (3:14-cv-00079-FDW)

Submitted:  May 19, 2015                    Decided:  May 22, 2015

Before NIEMEYER and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Eddie Levord Taylor, Appellant Pro Se.   Clarence Joe DelForge,
III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Levord Taylor seeks to appeal the district court's order denying his 28 U.S.C. § 2254 (2012) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties in a civil action in which the United States is not a party are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on August 15, 2014. The notice of appeal was filed, at the earliest, on March 9, 2015.[1] Because Taylor failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period,[2] we deny leave to proceed in forma pauperis

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] Even if Taylor's untimely notice of appeal were construed as a motion to reopen the appeal period under Rule 4(a)(6), we conclude that such a motion could not be granted because Taylor
(Continued)

and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

filed his notice of appeal 19 days after receiving notice of the court's judgment, which was beyond the 14-day period provided in Rule 4(a)(6)(B).  See Dolan v. United States, 560 U.S. 605, 610 (2010) (stating that "expiration of a jurisdictional deadline prevents the court from . . . extend[ing] that deadline"); Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of time limits in Rule 4 deprives court of jurisdiction).