**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7108**

ULYSSES M. HARCUM,

                    Petitioner - Appellant,

          v.

COMMONWEALTH OF VIRGINIA,

                    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:15-cv-00267-GBL-JFA)

Submitted:  October 15, 2015          Decided:  October 20, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ulysses M. Harcum, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ulysses M. Harcum seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2254 (2012) petition for failure to exhaust state court remedies. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on March 31, 2015. The notice of appeal was filed on June 23, 2015.* Although a statement in the notice appeal, liberally construed, suggests Harcum may have been seeking an extension of time to appeal, the district court lacked the authority to grant such an extension. See Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of time

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

limits in Rule 4 deprives court of jurisdiction); see also Fed. R. App. P. 26(b)(1) (noting that court may not extend appeal period, except as provided by Rule 4). Because Harcum failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis, deny Harcum's motion to appoint counsel, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED