**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-1895**

───────────

SONYA D. PETTAWAY,

               Plaintiff - Appellant,

      v.

DEPARTMENT OF EDUCATION,

               Defendant - Appellee.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:13-cv-00241-HEH)

───────────

Submitted: December 22, 2015      Decided: January 5, 2016

───────────

Before MOTZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Sonya D. Pettaway, Appellant Pro Se. Robert P. McIntosh, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sonya D. Pettaway seeks to appeal the district court's order denying her motion to dismiss, which the district court construed as a Fed. R. Civ. P. 60(b) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or a federal officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on January 30, 2015. Pettaway filed a motion for an extension of time to file an appeal and a notice of appeal 189 days later on August 7, 2015.

Although the district court granted Pettaway an extension of time to note an appeal, we find that the court lacked authority to do so; nor was it authorized to reopen the appeal period. The plain language of Rule 4(a)(5) requires that a motion for an extension of time be filed, at the latest, 30 days after the expiration of the 60-day appeal period. Fed. R. App.

2

P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."). Additionally, Rule 4(a)(6) requires that a motion to reopen the appeal period be filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, <u>whichever is earlier</u>." Fed. R. App. P. 4(a)(6)(B) (emphasis added). As mentioned, Pettaway's motion for an extension of time to appeal was filed 189 days after the entry of the district court's order; accordingly, the district court lacked authority to reopen the appeal period. <u>See</u> <u>Hensley v. Chesapeake & Ohio Ry.</u>, 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of time limits in Rule 4 deprives the court of jurisdiction).

For the reason stated above, we deny leave to proceed in forma pauperis and dismiss the appeal as untimely filed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>