**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6063**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

WINSTON DARIN POYER,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:04-cr-00162-FDW-1; 3:12-cv-00323-FDW)

Submitted: March 29, 2016         Decided: April 1, 2016

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Winston Darin Poyer, Appellant Pro Se. Steven R. Kaufman, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winston Darin Poyer seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on April 21, 2015. The notice of appeal was filed on January 12, 2016.[1] Because Poyer failed to file a timely notice of appeal or to obtain an extension or reopening[2] of the appeal period, we

---

[1] The notice of appeal is considered filed the day Poyer delivered it to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

[2] In his notice of appeal, Poyer stated that he did not receive notice of the denial of relief in a timely manner, see Fed. R. App. P. 4(a)(6)(A), and he sought leave to proceed with his appeal. However, he filed the notice of appeal requesting additional time, at the earliest, on January 12, 2016—266 days after the court entered the dismissal order. See Fed. R. App. P. 4(a)(6)(B) (requiring that motion to reopen be "filed within (Continued)

2

dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier"); Baker v. United States, 670 F.3d 447, 456 (3d Cir. 2012) (holding that district court had no authority to reopen appeal period when motion was filed beyond 180-day limit); Hensley v. Chesapeake & Ohio Ry., 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of time limits in Rule 4 deprives court of jurisdiction).