**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1038**

ROBERT DEREK LURCH,

             Plaintiff - Appellant,

        v.

FAYETTEVILLE POLICE DEPARTMENT; THE PANTRY, INC.,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:13-cv-00394-BO)

Submitted:  April 19, 2016                Decided:  April 22, 2016

Before AGEE, DIAZ, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert Derek Lurch, Appellant Pro Se.  Christopher M. Hinnant, CRANFILL, SUMNER & HARTZOG, LLP, Wilmington, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Derek Lurch seeks to appeal the district court's order adopting the recommendation of the magistrate judge and dismissing his civil action, its order denying his motion to reopen, and its order denying his motion for reconsideration. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "Lack of notice of the entry does not affect the time for appeal or relieve-or authorize the court to relieve-a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits the reopening of the appeal period if a party has not received notice of the judgment or order within 21 days after entry, but the motion requesting such relief must be filed within 180 days after entry of the judgment or 14 days after the party received notice of the judgment or order, whichever is earlier. Fed. R. App. P. 4(a)(6). The time requirements of

Rule 4(a) are mandatory and jurisdictional. <u>Bowles v. Russell</u>, 551 U.S. 205, 208-14 (2007).

The district court's orders were entered on the docket on August 1, 2013, September 23, 2015, and November 6, 2015, respectively. The notice of appeal was filed on January 6, 2016.* In the notice, Lurch appears to claim that he was not contacted regarding the dismissal of his action in 2013. However, the 180-day reopening period expired well before Lurch filed his notice of appeal. Thus, Lurch is not eligible for reopening of the appeal period with respect to the August 1, 2013, order. <u>See</u> <u>Nunley v. City of Los Angeles</u>, 52 F.3d 792, 794-95 (9th Cir. 1995); <u>Hensley v. Chesapeake & Ohio Ry. Co.</u>, 651 F.2d 226, 228 (4th Cir. 1981). Additionally, there is no indication from the record that Lurch did not receive notice of the district court's September and November 2015 denial orders within 21 days of their entry. Lurch further did not move for an extension of the appeal periods.

Accordingly, because Lurch failed to file a timely notice of appeal or to obtain an extension of the appeal periods and is

---

* It appears Lurch was incarcerated when he filed his notice of appeal. Accordingly, for purposes of this appeal, we assume that the postmark date appearing on the envelope containing the undated notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

3

not eligible for a reopening of the appeal periods, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED