**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2475**

GEORGE VICTOR STOKES,

                Plaintiff - Appellant,

        v.

GLENN A. HARRIS, OFFICER OF ROCKINGHAM CITY POLICE
DEPARTMENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY
OF ROCKINGHAM,

                Defendants - Appellees.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Senior District Judge.  (1:10-cv-00935-JAB-LPA)

Submitted:  June 30, 2016          Decided:  July 12, 2016

Before AGEE, WYNN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

George Victor Stokes, Appellant Pro Se.  Dan McCord Hartzog,
Katie Weaver Hartzog, CRANFILL, SUMNER & HARTZOG, LLP, Raleigh,
North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Victor Stokes appeals the district court's order granting Defendants' motion for summary judgment and dismissing his civil action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In a civil action where the United States is not a party, the notice of appeal must be filed no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on October 14, 2014. Stokes filed a motion for an extension of time to file an appeal on September 29, 2015.* The district court granted Stokes' motion on November 12, 2015, and Stokes filed a notice of appeal on November 16, 2015.

Although the district court granted Stokes an extension of time to note an appeal, we find that the court lacked authority to do so. The plain language of Rule 4(a)(5) requires that a

---

* The motion is considered filed the day Stokes delivered it to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

motion for an extension of time be filed, at the latest, 30 days after the expiration of the 30-day appeal period. Fed. R. App. P. 4(a)(5)(A)(i).

Additionally, Rule 4(a)(6) requires that a motion to reopen the appeal period be filed, at the latest, "180 days after the judgment or order is entered." Fed. R. App. P. 4(a)(6)(B). Stokes' motion for an extension of time to appeal was filed 350 days after the entry of the district court's order; accordingly, the district court lacked authority to reopen the appeal period. See Baker v. United States, 670 F.3d 448, 456 (3d Cir. 2012) (holding that district court had no authority to reopen appeal period when motion was filed beyond 180-day limit); Hensley v. Chesapeake & Ohio Ry., 651 F.2d 226, 228 (4th Cir. 1981) (noting expiration of time limits in Rule 4 deprives court of jurisdiction).

The notice of appeal was filed, at the earliest, on November 16, 2015. Because Stokes failed to file a timely notice of appeal or to timely move for an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3