**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-6667**

---

In Re: PETE GOODNOW,

Petitioner.

---

On Petition for Writ of Mandamus.  (CA-00-1833)

---

---

**No. 01-6680**

---

PETE GOODNOW,

Plaintiff - Appellant,

versus

WARDEN GARRITY,

Defendant - Appellee.

---

**No. 01-6681**

---

PETE GOODNOW,

Plaintiff - Appellant,

versus

WARDEN GARRAGHTY, Greensville Corr. Ctr.,

Defendant - Appellee.

––––––––––

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-00-7-AM, CA-01-37-AM)

––––––––––

Submitted: October 3, 2001          Decided: October 15, 2001

––––––––––

Before LUTTIG, KING, and GREGORY, Circuit Judges.

––––––––––

No. 01-6667 denied and Nos. 01-6680 and 01-6681 dismissed by unpublished per curiam opinion.

––––––––––

Pete Goodnow, Petitioner Pro Se.

––––––––––

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated cases, Pete Goodnow appeals the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 2001) action for failure to state a claim (No. 01-6680) and the district court's order dismissing a separate § 1983 action upon Goodnow's request (No. 01-6681). We dismiss both appeals for lack of jurisdiction because Goodnow's notices of appeal were not timely filed.

Parties in a civil action have thirty days following a final order in which to file a notice of appeal. Fed. R. App. P. 4(a). A district court may, for good cause or upon a showing of excusable neglect, extend the time for filing the notice of appeal provided a motion is made within thirty days after the expiration of the prescribed time period. Fed. R. App. P. 4(a)(5). Rule 4(a)(6) permits a district court to reopen the appeal period if a party has not received notice of judgment, but the motion requesting such relief must be filed within 180 days after entry of the order or seven days after receiving notice of the order, whichever is earlier. These time periods are mandatory and jurisdictional. Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978). Expiration of these time limits deprives the court of jurisdiction over the case. Hensley v. Chesapeake & O. Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981).

In No. 01-6680, Goodnow seeks to appeal an order entered on January 11, 2000. However, Goodnow's notice of appeal was filed no

3

earlier than April 14, 2001, more than one year after entry of the order. In No. 01-6681, Goodnow seeks to appeal an order entered on February 6, 2001. In this case as well, the earliest date on which his notice of appeal can be deemed filed is April 14, 2001, beyond the thirty-day period. Because Goodnow's notices of appeal are untimely, we dismiss the appeals for lack of jurisdiction.

Goodnow has also filed a petition for a writ of mandamus (No. 01-6667), requesting this court to order the district court to provide him with paper to refile actions that the district court has dismissed. We grant Goodnow's motion for leave to proceed in forma pauperis. A petition for a writ of mandamus may be granted only when extraordinary circumstances warrant such relief. Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976). Because Goodnow fails to show he has no other adequate means to attain the relief he desires and that his right to relief is clear and indisputable, we deny his petition for a writ of mandamus. Id.; Allied Chem. Corp. v. Daiflon, 449 U.S. 33, 35 (1980).

Lastly, we construe Goodnow's motion for a preliminary injunction, filed in all three of these actions, as another petition for writ of mandamus because he seeks an order from this court directing the district court to not dismiss his petitions. Again, however, Goodnow fails to show extraordinary circumstances warranting relief. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Furthermore, mandamus may not be used as a substitute for appeal. In re

4

United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979).  Thus, we deny this motion.

We deny Goodnow's motions for appointment of counsel, an evidentiary hearing, and an order directing the district court to provide him with free copies.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-6667 - PETITION DENIED

Nos. 01-6680, 00-6681 - DISMISSED

5